[Sac. No. 4855. In Bank.—December 28, 1934.]

OLLIE MAPES, Petitioner, v. L. P. WILLIAMS, as County Auditor, etc., Respondent.

[Sac. No. 4856. In Bank.—December 28, 1934.]

DONALD McDOUGALL, Petitioner, v. L. P. WILLIAMS, as County Auditor, etc., Respondent.

Chas. L. Gilmore, Archibald D. McDougall, Bronson, Bronson & Slaven and W. H. Hatfield for Petitioners.

Neil McAllister, District Attorney, and Gordon S. Hughes, Deputy District Attorney, for Respondent.

Forrest C. Hill and Charles A. Bliss, as *Amici Curiae* on Behalf of Respondent.

THE COURT.—The above-entitled cases involve the same questions of law. They were argued together and are herein considered together.

Petitioners are members of the board of supervisors of Sacramento County. On July 1, 1933, a new charter went into effect in said county, which made provision for salaries of supervisors. Petitioners were incumbents at this time, receiving salaries of $2,000 per year under the provisions of section 4236n of the Political Code. In August, 1933, an amendment to said section went into effect, providing for compensation of $1920 per year. Section 10 of the new charter provides for compensation of $10 per meeting, but not exceeding $50 per month. Petitioners claim that the charter provision is inapplicable, and seek writs of mandate to compel payment of their salaries under section 4236n of the Political Code as amended.

The charter in express terms applies to petitioners, and makes no exception in favor of incumbents, nor is it possible to read any exception into its language. Section 90 provides that it shall take effect July 1, 1933. Under article XI, section 7½, of the California Constitution, such a charter provision supersedes the general law dealing with compensation.

The applications for writs of mandate are denied.

Rehearing denied.